UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-24-436-G |
| ) | |
| MARIELLE SMITH et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

Now before the Court are Defendant Audrey Lassiter's Motion for Speedy Trial and Motion to Sever (Doc. Nos. 273, 274). The Court held a hearing on these Motions on July 3, 2025. Also before the Court is Defendants Marielle Smith, Lasasha Johnson, Amber Earp, Ashley Law, Shacronic Batise, Serrica Goldsby, Leah Melrose, Shaquan Miles, Bridgettte Hudgens, Shelby Moses, Joseph Zydb, Shaive Willis, Amanda LeFebre, and Olivia McIver's Second Motion to Continue (Doc. No. 270).

*I.    Background*

On October 1, 2024, a federal grand jury returned an indictment charging 16 persons, including Defendant Lassiter, with engaging in a drug conspiracy in violation of 21 U.S.C. § 846. *See* Indictment (Doc. No. 1) at 6.

As of November 12, 2024, 13 defendants had been arraigned in this matter and three (Defendants Lassiter, McIver, and Lewis) had not. The 13 arraigned defendants and the Government filed a Joint Motion (Doc. No. 170), seeking to continue the trial setting and for the Court to declare the case complex. In support of the request, the parties noted that

the charged drug conspiracy spanned several years and involved an investigation targeting several different states. *See id.* at 3. The Court granted the parties' joint motion, specifically finding that the "ends of justice" would be "served by granting a continuance" and that the period of delay caused was "excludable for purposes of the Speedy Trial Act . . . on the basis that the case is . . . complex, due to the number of defendants and the nature of the prosecution." Order of Nov. 25, 2024 (Doc. No. 183) at 2 (internal quotation marks omitted) (citing 18 U.S.C. § 3161(h)(7)(B)(ii)). The Order set the matter on the October 2025 jury trial docket. *See id.* at 3; *see also* Scheduling Order of Dec. 27, 2024 (Doc. No. 193).

Additionally, the Court's Order obligated counsel for the Government to, in relevant part, provide a copy to "any defendant charged in the Indictment but not arraigned as of the date of the Order (specifically including Lanadia Lewis, Olivia McIver, and Audrey Lassiter) . . . if and when the defendant is arraigned." *Id.* at 3-4. The Order further stated: "Any such defendant shall have 14 days from the date of arraignment to object to the terms of this Order and/or any subsequent Scheduling Order. Failure to object will be deemed to constitute acknowledgement of and consent to all deadlines and determinations in this Order and any subsequent Scheduling Order." *Id.* at 4.

II.   *Defendant Lassiter's Motions to Sever and for a Speedy Trial*

On June 11, 2025, Defendant Lassiter filed a Motion for Speedy Trial, citing her right to a speedy trial under the Sixth Amendment to the United States Constitution and the Speedy Trial Act and requesting an immediate trial. *See* Def.'s Mot. Speedy Trial (Doc. No. 273) at 1, 3. Further, Defendant Lassiter filed a Motion to Sever, arguing that

2

the charge against her should be tried separately from that of her codefendants. *See* Def.'s Mot. to Sever (Doc. No. 274). Because Defendant Lassiter's argument for severance is based in part on her invocation of the Speedy Trial Act, *see id.* at 3-4, in contrast to the request of the Government and the other Defendants in this matter for a lengthy continuance of the trial date to allow time for the Defendants to review voluminous discovery and prepare for trial, *see* Doc. No. 270 at 3, the Court considers these motions together.

In relevant part, the Sixth Amendment guarantees the accused "the right to a speedy and public trial." U.S. Const. amend. VI. Congress enacted the Speedy Trial Act to "give effect to the Sixth Amendment right to a speedy trial" by setting specified time limits after arraignment or indictment within which criminal trials must commence. H.R. Rep. No. 1508, 93d Cong., 2d Sess. (1974), *reprinted in* 1974 U.S. Code Cong. & Admin. News 7401, 7402. As relevant here, the Speedy Trial Act requires that a criminal trial begin within seventy days from the date on which the indictment was filed, or the date on which the defendant makes an initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). Recognizing the need for flexibility depending on the circumstances of each case, however, the Speedy Trial Act "includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Zedner v. United States*, 547 U.S. 489, 497 (2006); *see* 18 U.S.C. § 3161(h).

Defendant Lassiter argues that "[c]ontinued delays will result in significant prejudice to [her], including but not limited to her emotional and psychological distress." Def.'s Mot. Speedy Trial at 3-4. Accordingly, Defendant Lassiter requests that the Court

set this matter for trial at the earliest practicable date or, if the Court finds that Defendant Lassiter's speedy trial rights have been violated, dismiss the Indictment. *See id.* at 4.

The Government responds that there has been no Speedy Trial Act violation, as 70 days have not lapsed since Defendant Lassiter was arraigned. *See* Gov't's Resp. (Doc. No. 289) at 4. Additionally, the Government responds that Defendant Lassiter has not and cannot demonstrate that her constitutional rights have been violated because anticipated emotional and psychological distress is insufficient. *See id.* at 4-5; *United States v. Margheim*, 770 F.3d 1312, 1326 (10th Cir. 2014) (noting that a delay approaching one year generally satisfies the requirement of presumptive prejudice); *United States v. Abdush-Shakur*, 465 F.3d 458, 464-65 (10th Cir. 2006) ("It is unusual to find a Sixth Amendment violation when the Speedy Trial Act has been satisfied."). Defendant Lassiter replies that the Government dismisses her "claim of emotional and psychological distress as 'conclusory,' yet such harm is recognized under the Sixth Amendment's balancing test." Def.'s Reply (Doc. No. 306) at 2 (citing *Barker v. Wingo*, 407 U.S. 514 (1972); *Doggett v. United States*, 505 U.S. 647 (1992)).

Defendant Lassiter was arraigned on May 21, 2025, and released on bond pending trial. *See* Doc. No. 259. At the July 3, 2025 hearing, counsel for the Government confirmed that he had not provided Defendant Lassiter with a copy of the Order despite the Court's directive to do so. Thus, while Defendant Lassiter did not object to the October 2025 date within 14 days of her arraignment, it cannot be said that she consented to the October 2025 trial date. As such, she was entitled to invoke the Speedy Trial Act and, relatedly, object to an October 2025 trial.

4

Given that Defendant Lassiter is requesting a trial within 70 days while her codefendants have requested lengthy continuances, the Court must determine as a threshold matter whether the charge against Defendant Lassiter should be tried separately. To that end, Defendant expressly seeks severance of her trial from that of her codefendants. Def.'s Mot. to Sever at 1, 6. Defendant Lassiter argues that her severance claim is "premised on her Sixth Amendment right to a speedy trial and the Speedy Trial Act." *Id.* at 3. Defendant Lassiter contends that she "will suffer actual prejudice from the delay outweighing the expense and inconvenience of separate trials." *Id.* at 4. In support of her claim that she will suffer actual prejudice, Defendant Lassiter argues the following: (1) any delay to getting her day in court is unnecessary; (2) Defendant Lassiter's codefendants are likely to have antagonistic defenses that would not be curable by jury instructions; (3) the Government may produce recordings or text messages that contain admissions of codefendants who Defendant Lassiter may not be able to cross-examine, thereby implicating her rights under the Confrontation Clause; (4) a jury "cannot be reasonably expected to segregate evidence presented at trial into separate intellectual boxes regarding 16 defendants"; and (5) there is overwhelming evidence of the acts of her codefendants, with whom Defendant Lassiter had minimal or no involvement. *Id.* at 3-6.[1]

The Government responds that Federal Rule of Criminal Procedure 8(b) allows it "to charge two or more defendants by indictment if they are alleged to have participated in

---

[1] Defendant emphasizes that her "alleged involvement in this conspiracy consists of a single act on a single day in California" and that "the government cannot prove that [she] had any knowledge of the conspiracy or its goals or objectives." Def.'s Mot. to Sever at 3-4.

5

the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Gov't's Resp. (Doc. No. 289) at 5-6 (internal quotation marks omitted). The Government further argues that the foregoing rule "'expresses the preference in the federal system for joint trials of defendants who are indicted together.'" *Id.* at 6 (quoting *United States v. Wardell*, 591 F.3d 1279, 1299 (10th Cir. 2009)). The Government also cites Federal Rule of Criminal Procedure 14, which allows for severance of trials where the joinder of defendants "appears to prejudice a defendant." Fed. R. Crim. P. 14(a). For purposes of Rule 14, prejudice exists "when there is a serious risk that a joint trial will compromise a specific trial right of one of the defendants" or "prevent the jury from making a reliable judgment about guilt or innocence." *Wardell*, 591 F.3d at 1299 (internal quotation marks omitted). Despite this severance mechanism, there is a "strong presumption favoring trying properly joined defendants together." *United States v. Zar*, 790 F.3d 1036, 1043 (10th Cir. 2015).

The Government argues that severing Defendant Lassiter "would result in separate trials with significant factual overlap." Govt's Resp. at 7. The Government asserts that: (1) mere conflicting defenses, standing alone, do not constitute the showing of prejudice necessary for judicial severance;[2] (2) to establish a right to severance, a defendant must make a factual demonstration, not an abstract allegation, as Defendant Lassiter has, that one party's defense would tend to preclude the acquittal of the other or that the guilt of one

---

[2] *See United States v. McClure*, 734 F.2d 484, 488 (10th Cir. 1984).

6

defendant tends to establish the innocence of another;[3] and (3) Defendant Lassiter's Confrontation Clause argument fails because she (a) fails to identify which statements, if introduced into evidence, would violate that right, and (b) to the extent the Government intends to introduce her codefendants' statements, it will do so as permitted by precedential authority and the Federal Rules of Evidence. *See id.* at 8-11.[4] Lastly, the Government contends that Defendant Lassiter's argument that the degree of prejudice is high enough that a limiting instruction will not suffice, "presupposes the risk of spillover prejudice, which [Defendant] Lassiter has not shown." *Id.* at 11.

Defendant Lassiter replies that the Government "fails to address that Lassiter's severance motion is based not only on her Sixth Amendment right to a speedy and public trial but also the specific and compelling prejudice Ms. Lassiter faces if tried with her codefendants." Def.'s Reply at 3. Regarding the Confrontation Clause concerns, Defendant Lassiter replies that she cannot provide specific statements because such statements often emerge closer to trial. *See id.* at 4.[5] Defendant represents that the only information she currently knows is as follows: codefendant Olivia McIver has a tattoo of codefendant Marielle Smith's name on her body, which was not present on Defendant

---

[3] *See United States v. Smith*, 788 F.2d 663, 668 (10th Cir. 1986).

[4] *See Bruton v. United States*, 391 U.S. 123, 135-37 (1986) (holding that a defendant is deprived of her rights under the Confrontation Clause if a codefendant's confession, which incriminates both defendants, is introduced at a joint trial, even if the jury is instructed to consider the confession only against the non-testifying codefendant).

[5] Defendant does not request that the Court order the Government to provide statements for in camera inspection by the Court. *See* Fed. R. Crim. P. 14(b). Based on the information provided, it appears that any such request would be premature because the full extent of such statements is not yet known.

McIver's body at the time she invited Defendant Lassiter to the California beach where they were arrested. *See id.*; Def.'s Reply Ex. 1 (Doc. No. 306-1) at 1. Defendant Lassiter suggests that the absence of the tattoo at the time of her involvement with Defendant McIver is significant because "there is no truthful evidence that Lassiter ha[d] any contact or communication with any codefendant or unnamed conspirator other than McIver," and the Government's case against Defendant Lassiter will inevitably "rest on McIver's admissions and/or testimony that Lassiter knowingly and willingly entered the charged drug conspiracy." Def.'s Reply at 4-5. Accordingly, Defendant Lassiter contends that severance is the only effective remedy to protect her Confrontation Clause rights. *See id.* at 5.

As noted above, a district court has the discretion to order "sever the defendants' trials" or "provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Additionally, the Court "has a continuing duty to ensure that prejudice does not occur, and if it does[,] to sever defendants or offenses." *United States v. McConnell*, 749 F.2d 1441, 1445 (10th Cir. 1984). When ruling on a motion to sever, the Court "must weigh the prejudice caused by the joinder against considerations of economy and expedition in judicial administration." *United States v. Rinke*, 778 F.2d 581, 590 (10th Cir. 1985). Defendant Lassiter bears the heavy burden of "clearly showing prejudice resulting from a joint trial." *Id.*; *see United States v. Pursley*, , 1215 (10th Cir. 2009); *McConnell*, 749 F.2d at 1444. "[T]he decision of whether to sever rests in the sound discretion of the trial court." *Rinke*, 778 F.2d at 590.

There is a preference here for a consolidated trial. The Tenth Circuit recognizes "a presumption in a conspiracy trial that coconspirators charged together preferably should be tried together." *Pursley*, 577 F.3d at 1215. "Joint trials of defendants who are charged together are preferred because they promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *United States v. Zapata*, 546 F.3d 1179, 1191 (10th Cir. 2008) (internal quotation marks omitted).

After carefully considering the information presented, the Court determines that at this stage Defendant Lassiter has not shown sufficient reason to overcome that presumption. On the current record, there has been no clear showing that a consolidated trial would prejudice Defendant Lassiter other than through the effect of the lengthy delay needed to allow her codefendants to adequately prepare for trial. Defendant Lassiter has not shown any more than speculation of inconsistent defenses or compromising evidence that would preclude a consolidated trial. Nor has Defendant Lassiter shown that a consolidated trial will cause her undue prejudice simply through association with the other Defendants. As to the prejudice to Defendant Lassiter that will be caused by delaying her trial to allow her codefendants to adequately prepare for trial, the Court finds that consideration alone to be insufficient, at this stage and in these circumstances, to overcome the presumption that alleged coconspirators be tried together.

Accordingly, Defendant's Motion to Sever shall be denied.[6] Further, the Court determines that Defendant's Motion for Speedy Trial shall be denied. The interests of

---

[6] Defendant may, however, renew her request for severance as matters progress, including if specific defenses or evidence (such as coconspirator statements) are identified in the

9

justice, including the other defendants' right to prepare their defenses in this complex, multi-defendant case, outweigh Defendant Lassiter's interest and the public's interest in an earlier trial. *See* 18 U.S.C. § 3161(h)(7)(A); *id.* § 3161(h)(7)(B)(ii)*; see also Barker*, 407 U.S. at 531.

   III.   *Defendants' Second Motion to Continue*

On June 6, 2025, Defendants Smith, Johnson, Earp, Law, Batise, Goldsby, Melrose, Miles, Hudgens, Moses, Zydb, Willis, LeFebre, and McIver filed a second Motion to Continue (Doc. No. 270), seeking a continuance of the trial setting from its current October 2025 setting to March of 2026. The Government did not oppose this request. *Id.* at 4. On June 20, 2025, the Court ordered any party opposing the requested continuance to file a response to the Motion within ten days. Order (Doc. No. 291) at 2. Only Defendant Lassiter filed an objection to the continuance request. *See* Def. Lassiter's Obj. (Doc. No. 307).[7]

This request implicates the Speedy Trial Act, which, as discussed above, provides that a person accused of a crime is generally entitled to a trial within 70 days of the filing of the charge or the accused's appearance on that charge. 18 U.S.C. § 3161(c)(1). When a requested continuance would cause a violation of the statutory time limit, a court may

---

course of trial preparation that Defendant believes would cause real prejudice to her at a consolidated trial or otherwise warrant severance.

[7] Defendant Lanadia Lewis, who was not arraigned at the time the moving Defendants filed the second Motion to Continue (Doc. No. 270), has not expressly joined in the request but did not file a response to the Motion within the time permitted. Accordingly, Defendant Lewis is deemed to have consented to the relief sought by the other moving Defendants.

grant the continuance only if it finds that the period of delay is excludable under a specific provision of the Act. *Id.* § 3161(h).[8]

The Court finds that a continuance is appropriate for all the reasons discussed above regarding Defendant Lassiter's Motion for Speedy Trial. Additionally, based on the information presented, the Court finds that the ends of justice served by granting a continuance of the existing deadlines to allow each Defendant to properly prepare for trial outweigh the best interests of the public and the defendant to an earlier trial setting. *See* 18 U.S.C. § 3161(h)(7)(A). In this regard, the Court reiterates its prior findings regarding the complexity of this multi-defendant conspiracy case and expressly finds that "the case is . . . so complex, due to the number of defendants . . . [and] the nature of the prosecution . . . , that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act]." *Id.* § 3161(h)(7)(B)(ii). Accordingly, the Court determines that the period of delay caused by granting the Motion to Continue is excludable for purposes of the Speedy Trial Act under § 3161(h)(7)(A).

## CONCLUSION

For the foregoing reasons, it is hereby ordered that:

1. Defendant Lassiter's Motion for Speedy Trial (Doc. No. 273) is DENIED.

---

[8] In the June 20, 2025 Order (Doc. No. 291), the Court directed the moving Defendants to file signed Speedy Trial Act waivers. Defendant Goldsby has not as of yet submitted a signed waiver. Nonetheless, the Court has determined that the period of delay caused by granting the Motion is excludable for purposes of the Speedy Trial Act.

2. Defendant Lassiter's Motion to Sever (Doc. No. 274) is DENIED without prejudice to resubmission.

3. Defendants Smith, Johnson, Earp, Law, Batise, Goldsby, Melrose, Miles, Hudgens, Moses, Zydb, Willis, LeFebre, and McIver's Motion to Continue (Doc. No. 270) is GRANTED.

-and-

4. Trial as to all Defendants is set for the March 2026 jury trial docket, which is scheduled to begin on March 10, 2026. A separate scheduling order will be entered.

IT IS SO ORDERED this 18th day of July, 2025.

_____
CHARLES B. GOODWIN
United States District Judge