**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-24-436-G-1** |
| | ) | |
| **MARIELLE SMITH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# ORDER

Now before the Court is Defendant Marielle Smith's Motion to Continue Jury Trial (Doc. No. 726). Trial in this matter is currently set on the September 2026 criminal jury docket. Defendant was arraigned on the original Indictment in this matter on October 16, 2024. Defendant was arraigned on a Superseding Indictment on August 10, 2026. Defendant, who has filed a written waiver of rights under the Speedy Trial Act, 18 U.S.C. § 3161, *see* Doc. No. 730, requests that trial be continued until December 1, 2026. The Motion states that the Government takes no position as to the requested continuance.

The Speedy Trial Act, 18 U.S.C. § 3161, provides that a person accused of a crime is generally entitled to a trial within 70 days of the filing of the charge or the accused's appearance on that charge. *Id.* § 3161(c)(1). When a requested continuance would cause a violation of the statutory time limit, a court may grant the continuance only if it finds that the period of delay is excludable under a specific provision of the Act. *Id.* § 3161(h). When, as here, a continuance is sought on the basis of the "ends of justice" under 18 U.S.C. § 3161(h)(7), the Court must decide whether the purpose served by granting the requested

continuance outweighs the best interests of the public and the defendant to a speedy trial.

The Motion represents that the requested continuance is necessary to allow counsel sufficient time to receive and review all discovery material and prepare for trial. *See* Def.'s Mot. at 2-5. Based on the undisputed information presented, the Court determines that the ends of justice served by granting a continuance of the existing deadlines to allow Defendant to properly prepare for trial outweigh the best interests of the public and Defendant to an earlier trial setting. The Court further determines that the period of delay caused by the granting of the motion is excludable for purposes of the Speedy Trial Act, under 18 U.S.C. § 3161(h)(7), on the basis that the failure to grant a continuance would deny counsel the time reasonably necessary for effective preparation, taking into account the exercise of due diligence.

Accordingly, Defendant's Motion to Continue Jury Trial (Doc. No. 726) is GRANTED.[1] This matter is continued to the **December 2026 trial docket**, which is scheduled to begin on December 1, 2026. The Court shall issue an amended scheduling order resetting the remaining pretrial deadlines in accordance with a December 2026 trial date.

IT IS FURTHER ORDERED that the Government's Motion to Continue (Doc. No.

[1] The Court reserves ruling on Defendant's request for a hearing. After review of the relevant motions and any responses filed by the Government, the Court will determine whether a hearing is necessary.

725) is DENIED AS MOOT.

IT IS SO ORDERED this 28th day of August, 2026.

CHARLES B. GOODWIN
United States District Judge