**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **No. CR-24-436-G** |
| | ) | |
| **MARIELLE SMITH, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## UNITED STATES' RESPONSE TO MARIELLE SMITH'S *BRADY* DEMAND REGARDING O.I.G. INVESTIGATION

The Constitution does not grant defendants "the right to embark on a 'broad and blind fishing expedition among documents possessed by the government . . .'" *United States v. Mayes*, 917 F.2d 457, 461 (10th Cir. 1990) (internal citation omitted). Undeterred by well-settled precedent, Mr. Smith, in his latest filing (Doc. 719), again endeavors to impose an undue burden on the Court by converting *Brady* into a discovery device based on nothing other than idle speculation. His motion should be denied.

The motion at issue—premised on unspecified information and belief—contains weighty allegations: that "the facts and circumstances of the DEA investigation led by Task Force Officer Timothy Spratt into [the Smith DTO] are now being actively scrutinized by federal investigators pursuant to [an Office of Inspector General] review." (*Id.* at 3.) The referenced O.I.G.

investigation claims to focus on situations where law enforcement officers knowingly allowed fentanyl to be distributed, rather than seizing it immediately, in furtherance of larger investigative goals and ostensibly arises from a particular investigation in New Mexico. Based on this investigation, Mr. Smith apparently theorizes that he should have been arrested *sooner* in view of the significant amount of fentanyl *he* was persistently arranging to be transported to Oklahoma. (*Id.* at 3–4.) Setting aside Mr. Smith's apparent misunderstanding regarding the practical realities of police work—and the burden of proof required to sustain a conviction[1]—he offers no credible information to support the allegations set forth in his motion.

Undersigned counsel is not aware of *any* O.I.G. investigation focused on the actions of any local DEA officer or agent involved in the prosecution of the Smith DTO, nor is undersigned counsel aware of *any* instances in which such officers knowingly elected not to seize fentanyl being transported to Oklahoma by Mr. Smith. To the extent Mr. Smith has information regarding *additional* shipments of fentanyl that he imported to Oklahoma which were *not* seized

---

[1] Mr. Smith apparently believes that law enforcement was obligated to arrest and federally charge him at the first mention of his name in Spring 2023. (*See* Doc. 719 at 3–4.) Given Mr. Smith's protracted criminal history, which includes convictions for felony murder and unlawful removal of a dead body, as well as his recent charges for conspiring to commit murder on two separate occasions, identifying witnesses who are willing to testify as to Mr. Smith's criminal activities has been understandably difficult.

and which law enforcement knew about, he is welcome to recount those deliveries on the record.

Given the vague and nebulous nature of Mr. Smith's claims—and the absence of any information that any local DEA agents or officers are being actively scrutinized as part of this O.I.G. investigation or any other investigation—the government formally requested the documentation or materials supporting the "information and belief" upon which Mr. Smith's motion is premised. (*Id.* at 3.) Instead of providing any specific information underlying his serious allegations, counsel for Mr. Smith simply insists that a "source shared information concerning the ongoing OIG investigation in confidence with an implicit expectation that confidentiality would be maintained" and that sharing such information could "possibly compromise or impede an ongoing federal investigation that may implicate decisions made not only by the DEA agents involved in this case, but also by [the United States Attorney's Office]." (*See* Email Exchange, Ex. 1.)

In short, Mr. Smith is asking the government to prove a negative while refusing to provide any information which would allow the government to do so. Absent such information, the government is effectively responding with *both* hands tied behind its back. Even so, the government would reiterate that it is unaware of any active investigation involving any local DEA agent or officer for any operational decision made in this case, and is additionally

unaware of any instance wherein such officers permitted fentanyl—trafficked by Marielle Smith—to flow freely into the community. Given the nature of these allegations, the government would request an order from the Court requiring specific disclosure regarding the "information and belief" Mr. Smith's motion is premised upon prior to any hearing on the matter so that the government has an adequate basis upon which to provide a more complete response to this issue. Unless and until Mr. Smith supports the factual premise of his motion with actual evidence, the remainder of the request for disclosure and his various theoretical musings about why he should be allowed to engage in a fishing expedition into an ongoing and unrelated investigation are entirely without merit.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

*s/ Stephen Hoch*
STEPHEN HOCH (OBA 35133)
THOMAS B. SNYDER (OBA 31428)
Assistant United States Attorneys
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (Office)
stephen.hoch@usdoj.gov
thomas.snyder@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants of record.

*s/ Stephen Hoch*
STEPHEN HOCH
Assistant United States Attorney