IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARIELLE TRAMANIE SMITH | CRIMINAL ACTION NO.<br>5:24-CR-436-G-1 |

**SUPPLEMENTAL CONSOLIDATED MOTION AND BRIEF TO COMPEL DISCLOSURE OF EVIDENCE PURSUANT TO RULE 16 AND *BRADY***

COMES NOW the defendant Marielle Smith, by and through counsel, and respectfully requests that this Court to enter an order compelling the government to produce certain evidence and information to the defense in accordance with its duties and responsibilities pursuant to Rule 16 as well as the holding of the United States Supreme Court in *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Defense counsel hereby certifies pursuant to LCrR16.2 that they have conferred extensively with opposing counsel and have been unable to resolve the disputes enumerated herein concerning the proper scope of the government's disclosure obligations in this matter. This motion is predicated on Mr. Smith's constitutional rights to due process and a fair trial in connection with the above-captioned indictment.

In support of this motion, counsel states as follows:

The purpose of this pleading is to attempt to resolve outstanding areas of dispute between the parties in view of the discussions during and around the previous hearing before this Court. In this regard, the defense made the following three specific requests for disclosure from the Government in a letter dated November 10, 2026. The Government responded by email to these requests on November 13.

**[1] Non-identifications**

> The defense hereby requests formal disclosure of any instances where any of the following named individuals were unable to make a positive identification of an alleged participant in the "Smith DTO" when requested or prompted to do so by DEA agents Spratt or Epp. This paragraph covers both recorded and unrecorded interviews conducted *only* by the DEA or the prosecution team insofar as it is often difficult or impossible to ascertain which photos are being displayed to the interviewee during the recorded interviews that have been produced to the defense thus far. In view of the fact that the DEA-6 reports of these interviews have now all been produced, this paragraph contemplates disclosure of handwritten notes insofar as they may reflect a failure to identify and also contemplates direct inquiry of both Officer Spratt as well as Agent Epps as to attempted identifications by any of the listed individuals. No other state or local law enforcement agencies are contemplated by this particular request.

[list of names omitted}

The Government has responded that on October 30, 2026, witness SW "was shown photographs of Latoya Bradford and Rainesha Steele and was unable to positively identify either individual." The Government has further responded that it "is unaware of any contemporaneously documented instances wherein the individuals listed were 'unable to make a positive identification of an alleged participant in the Smith DTO when requested or prompted to do so by DEA agents Spratt or Epp.'" The defense's view is that this is an evasive answer. Obviously, the non-identifications were not "contemporaneously documented," which is the point of the *Brady* request in the first place.

The Government then goes on to represent that "direct inquiry" has been made of Agents Spratt and Epp to "confirm[] the same." Again, if the Government has merely confirmed that non-identifications were not contemporaneously recorded, this is a non-response. We already know that. To the extent, however, that the Government is prepared to represent that Officer Spratt and Agent Epps have affirmatively and conclusively stated that every instance where one of the named individuals was shown a

photograph of a person believed or suspected to be involved in the "Smith DTO" and was unable to recognize or identify the person depicted, the defense would deem this request satisfied. In the alternative, the defense requests an order of the Court directing that the requested disclosure be made no later than the date of the docket call for this trial. In the event that such an order becomes necessary, the defense will furnish the list of individuals referenced in the November 11 letter to the Court.

**[2] Requests for Benefits from Testifying Witnesses**

> The defense hereby requests full disclosure of any and all formal or informal requests for benefit made by any witness who may testify as a prosecution witness at the upcoming trial of this case, whether such requests were made directly or indirectly through a representative or attorney. For purposes of this paragraph, the term "benefit" would include anything whatsoever of value, either to the witness or to another. Disclosure is requested under this paragraph regardless of whether the Government ultimately agreed to provide the requested benefit, deferred consideration of it, or refused to provide the requested benefit. This paragraph covers requests made either of law enforcement or of the prosecution team at any time during the pendency of this investigation or prosecution.

The Government has largely not responded to this specific demand for disclosure but rather continued to represent that that "the full agreement

between the parties is memorialized within the plea documents which have already been produced." The Government represents that it "can only recall discussions with the attorneys for [SM, SL, and SB] wherein they inquired as to the possibility of a 5K or sentence reduction." The Government makes no representations of requests for benefit made by any of the testifying witnesses themselves or requests made to law enforcement. Based on the Government's response, it appears to the defense that there is no opposition to disclosure in this area, and the defense accordingly requests that an order be entered tracking the requested language. To the extent that the Government contends no such requests for benefit have ever been made, that representation would clearly satisfy the Court's order.

**[3] Informal "Wink and Nod" Agreements**

> The defense hereby requests disclosure of any informal discussions between the Government and any witness who may testify at this trial, or between the Government and any legal representative of such witnesses, wherein the Government offered any informal assurances or theoretical predictions as to what kind of benefit the witness may eventually expect to secure in exchange for his or her cooperation with this prosecution. In making this request, the defense is mindful of the Government's assertion that all formal "promises" or assurances have been memorialized in the relevant signed plea

> agreements. This request is accordingly intended to cover communications not resulting in a formal promise by the Government.

The Government, as discussed above, has continued to represent that the boilerplate plea documents tendered comprise the "full scope" of the behind-the-scenes negotiations as to these witnesses. Although the defense has no doubt that the Government has incessantly insisted that these boilerplate promises are the only formal assurances that can be offered, this does not eliminate the likelihood of informal discussions with various defense counsel regarding what their clients might reasonably expect to receive from the Government in consideration for their indispensable assistance in building a case against Mr. Smith.

The remainder of the Government's responses to this request consists of nothing more than platitudes and truisms. Of course the defense is aware that it is a judge, and not the Government, who will ultimately sentence (or modify the sentence) of these witnesses as a reward for their assistance. And the Government's offer to refrain from objecting should the defense cross-examine these witnesses concerning their hope of benefit rings more than a little hollow. Such cross-examination, as the Government well knows,

would be categorically authorized under the Sixth Amendment whether the Government objects to it or not. The defense requests that this Court grant its demand for disclosure as formulated.

**[4] Cooperation Memos as to Non-testifying Co-conspirators**

The final area of remaining dispute as to the handling of the prosecution of co-conspirators in this investigation was touched upon previously in court. The Government has agreed to disclose any "cooperation memo" filed on behalf of any testifying witness but has decided to withhold any "cooperation memos" (or presumably any other formal sealed request) filed on behalf of co-conspirators who provided information to "assist" this investigation but will not be called as witnesses at trial. The arguments in support of this request have been made in open court and on an *ex parte* record and will not be repeated here. Many of these reasons supported this Court's decision to order the disclosure of the Rule 11 debriefs of non-testifying co-conspirators that the Government likewise resisted. To the extent this Court needs more argument from the defense in this regard, Mr. Smith requests that the matter be taken up on an *ex parte* basis at the docket call.

WHEREFORE, for these and any other reasons as may appear to the court, Mr. Smith requests orders directing the government to produce the evidence and information enumerated herein by no later than November 24, 2026.

Dated: This 16th day of November 2026.

Respectfully Submitted,

*/s/ Josh D. Moore*

JOSH D. MOORE
GEORGIA BAR NO. 520028 (*Admitted Pro Hac Vice)*
ATTORNEY FOR MR. SMITH

*/s/ Kelyn J. Smith*

KELYN J. SMITH
ILLINOIS BAR NO. 6333376 (*Admitted Pro Hac Vice)*
ATTORNEY FOR MR. SMITH

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 688-7530; Fax: (404) 688-0768
Josh_Moore@FD.org
Kelyn_Smith@FD.org

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was submitted to the Clerk of Court for filing and service on all parties involved via the CM/ECF system.

/s/ Josh D. Moore

/s/ Kelyn J. Smith