**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **No. CR-24-436-G** |
| | ) | |
| **MARIELLE SMITH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**UNITED STATES' MOTION IN LIMINE TO PRECLUDE REFERENCE TO POTENTIAL PENALTIES**

The United States hereby moves in limine to preclude Defendant Marielle Smith from referencing at trial, either through argument, direct examination, or cross-examination, the potential penalties he faces if convicted. Mr. Smith faces a term of imprisonment of not less than 10 years (and up to life) as to Count 1 of the Superseding Indictment, which charges him with drug conspiracy. *See* 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A).

**ARGUMENT**

The government anticipates that Mr. Smith may attempt to elicit sympathy from the jury and invite jury nullification by referencing the penalties he faces if convicted. The government also believes that Mr. Smith may attempt to reference the penalties by asking the government's cooperating witnesses about the specific potential penalties they face, or faced, under their

negotiated plea agreements. Introducing such evidence to the jury is wholly improper. While a narrow exception exists to introduce such evidence, that exception is not implicated here.

"A jury is obligated to 'reach its verdict without regard to what sentence might be imposed.'" *United States v. Greer*, 620 F.2d 1383, 1384–85 (10th Cir. 1980) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)); *see also* Tenth Cir. Criminal Pattern Jury Instr. 1.20 (2021) ("You should not discuss or consider the possible punishment in any way while deciding your verdict."). "The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial. Breach of this standard has often been grounds for reversal." *Greer*, 620 F.2d at 1384.

A narrow exception does exist, namely where "a statute specifically requires jury participation in determining punishment[.]" *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991) (abrogated on other grounds). This is not such a case, as no statute at issue here requires jury participation in determining punishment. *See* 21 U.S.C. §§ 846, 841(a)(1).

As a result of this bright-line rule, courts regularly grant motions in limine seeking to preclude any reference to penalties of conviction. *See, e.g.*, *United States v. Rivera*, No. 1:20-CR-01484-KWR, 2022 WL 3027755, at *1 (D.N.M. Aug. 1, 2022); *United States v. Slone*, No. 2:09-CR-38, 2009 WL 2424449, at *1 (N.D. Ind. Aug. 5, 2009); *United States v. Medeiros*, No. 1:18-

CR-01966-JCH, 2020 WL 2025543, at *3 (D.N.M. Apr. 27, 2020); *United States v. Woods*, No. CR.17-1235 WJ, 2020 WL 4816456, at *2 (D.N.M. Aug. 19, 2020). The Court should do so here.

## CONCLUSION

The government respectfully requests that the Court enter an order prohibiting Mr. Smith from asking any question, introducing any evidence, or making any statement or argument, directly or indirectly, that implicates Defendant's potential sentence while the jury is present.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

*/s/ Drew E. Davis*
DREW E. DAVIS (OBA 35095)
STEPHEN HOCH (OBA 35133)
Assistant United States Attorneys
210 Park Ave., Suite 400
Oklahoma City, OK 73102
(405) 553-8700 (Office)
(405) 553-8888 (Fax)
Drew.Davis@usdoj.gov
Stephen.Hoch@usdoj.gov