**24-cr-436IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **No. CR-24-436-G** |
| | ) | |
| **MARIELLE SMITH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**UNITED STATES' MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM REFERENCING RACIAL BIAS DURING TRIAL**

The United States hereby moves in limine to preclude Defendant Marielle Smith from referencing racial bias in his opening statement, examination of witnesses, and closing argument at trial.

**BACKGROUND**

Defendant is charged with a drug conspiracy in violation of 21 U.S.C. § 846. To prove this charge, the government intends to call as witnesses law enforcement officers who, mostly, happen to be white men. Defense counsel has described Marielle Smith as "a 33-year-old black man, who is charged with operating a drug-trafficking organization (DTO) out of Oklahoma state prison." (Doc. 729 at 2.)

## ARGUMENT

### I. Defendant should be precluded from raising the issue of racial bias during Defendant's opening statement, examinations of witnesses, and closing arguments.

There is no evidence that any government witness is racially biased or was motivated by racial bias—implicit or otherwise—in the investigation of Marielle Smith and his drug conspiracy. Thus, Defendant has no good faith basis to question witnesses as to any such bias. Defense counsel has indicated in Defendant's "Motion for Attorney-Conducted Voir Dire" (Doc. 729), that in consideration of "Mr. Smith's race" and based on an "abundance of research[,]" implicit biases may be present in this case. (*Id.* at 3.) While these statements are part of proposed voir dire, the government anticipates that the defense may attempt to raise race-related issues more generally in an opening statement, examination of witnesses, and closing arguments. The Court, pursuant to Federal Rules of Evidence 402 and 403 should preclude Defendant from doing so.

Federal Rule of Evidence 402 limits the admission of evidence to relevant evidence. In this case, race has no relevance to any issue that the jury will have to decide. Accordingly, the Court should preclude any attempt by defense counsel to inject racial bias into Defendant's opening statement, examination of witnesses, and closing arguments as it is irrelevant.

Federal Rule of Evidence 403 grants the Court with the discretion to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The advisory committee notes explain that "[t]hese circumstances entail risks which range all the way from inducing a decision on a purely emotional basis . . . to . . . merely wasting time." Fed. R. Evid. 403, Notes of Advisory Committee on Proposed Rules. Additionally, "[u]nfair prejudice" is defined as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.*

In *United States v. Willis*, the defendant accused Drug Enforcement Administration (DEA) agents of racial bias, among other things. 43 F. Supp. 2d 873 (N.D. Ill. 1999). The court determined that "[e]ven assuming that racial prejudice existed, [d]efendants have not pointed to one instance where such prejudice influenced the case." *Id.* at 880. The court went on to explain:

> [o]verall, the lack of a link between alleged racism and concrete harm to Defendants means the probative value of the alleged racism was substantially outweighed by the danger of sidetracking the jury and misusing time on a mini-trial on racism within Group 12. The evidence of racial bias was inadmissible under Rule 403.

*Id*. at 881.

Here, the government is not aware of *any* evidence suggesting that any officer or agent involved in the investigation of the Smith DTO is, or was,

racially biased, and the government has not received any reciprocal discovery suggesting otherwise. Without a factual basis to do so, raising the issue of racial bias would only serve as an attempt to unfairly prejudice the jurors or trigger an emotional response.

## II. Inquiry as to racial bias during *voir dire* should be limited so as to avoid creating the impression that race is at issue in this case.

When there is no "likelihood of racial or ethnic prejudice affecting the jurors in a particular case . . . the Constitution leaves it to the trial court, and the judicial system within which that court operates, to determine the need for such questions" regarding racial prejudice. *Rosales-Lopez v. United States*, 451 U.S. 182, 190 (1981).

> On the one hand, requiring an inquiry in every case is likely to create the impression "that justice in a court of law may turn upon the pigmentation of skin [or] the accident of birth." *Ristaino, supra,* 424 U.S., at 596, n. 8, 96 S.Ct., at 1021, n. 8. Trial judges are understandably hesitant to introduce such a suggestion into their courtrooms. See *Aldridge, supra*, 283 U.S., at 310, 51 S.Ct., at 471; *Ristaino, supra*, 424 U.S., at 591, 96 S.Ct., at 1018. Balanced against this, however, is the criminal defendant's perception that avoiding the inquiry does not eliminate the problem, and that his trial is not the place in which to elevate appearance over reality.

*Id.* at 190-91. While the Supreme Court has advised that "it is usually best to allow the defendant to resolve this conflict by making the determination of whether or not he would prefer to have the inquiry into racial or ethnic prejudice pursued[,]" the Court has acknowledged that "the judge need not

defer to a defendant's request where there is no rational possibility of racial prejudice." *Id.* at 191, n.7. In short, it is implied "that federal trial courts must make such an inquiry when requested by a defendant accused of a violent crime and where the defendant and the victim are members of different racial or ethnic groups." *Id.* at 192; *see also Isiah v. Tansy*, 25 F.3d 1057 (Table), *2 (10th Cir. 1994) (noting that racially driven voir dire is only Constitutionally *required* where the circumstances of the case indicate that there is a likelihood that absent such questioning jurors may not be impartial, and further noting two specific circumstances such as where racial issues are "inextricably bound up with the conduct of the trial" and in a capital case where the victim is a member of a different race).

The specific crime at issue in this district, drug conspiracy, did not involve any identifiable victims (beyond, of course, society as a whole). Additionally, there is no evidence that any officer, agent, or witness has been, or is, motivated by racial prejudice such that racial issues are inextricably bound up with the conduct of the trial. Accordingly, should the Court determine that inquiry into the potential racial biases of jurors is appropriate, such inquiry should be limited to avoid creating the impression that race is at issue in this case.

## CONCLUSION

For the reasons stated herein, Defendant should be precluded from raising the issue of racial bias during Defendant's opening statement, examinations of witnesses, and closing arguments.

Additionally, should inquiry into the potential biases of jurors be permitted by the court during voir dire, such inquiry should be limited to avoid creating the impression that race is at issue in this case.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

*/s/ Drew E. Davis*
DREW E. DAVIS (OBA 35095)
STEPHEN HOCH (OBA 35133)
Assistant United States Attorneys
United States Attorney's Office
Western District of Oklahoma
210 Park Ave., Suite 400
Oklahoma City, OK 73102
(405) 553-8700 (Office)
Drew.Davis@usdoj.gov
Stephen.Hoch@usdoj.gov