**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-24-436-G-1** |
| | ) | |
| **MARIELLE SMITH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# ORDER

Now before the Court is Defendant Marielle Smith's Motion to Dismiss (Doc. No. 699), seeking dismissal of the Superseding Indictment (Doc. No. 683). The Government has filed a Response (Doc. No. 720).

*I. Background*

On July 22, 2026, a Superseding Indictment was returned charging Defendant and one codefendant with conspiracy to possess with intent to distribute, and to distribute, 400 grams or more of the federally controlled substance fentanyl and 500 grams or more of the federally controlled substance methamphetamine, in violation of 21 U.S.C. § 846. *See* Superseding Indictment at 1-4. The pleading alleges that, while incarcerated, Defendant used contraband cellphones to direct the acquisition and distribution of controlled substances, while relying on non-incarcerated coconspirators to carry out the drug-trafficking organization's day-to-day operations. *See id.*

Citing Rule 12(b) of the Federal Rules of Criminal Procedure, Defendant now seeks dismissal of the Superseding Indictment or, in the alternative, suppression of the

Government's evidence, arguing that his Fifth and Fourteenth Amendment rights were violated by the Government's failure to preserve electronic data from alleged coconspirators' cellphones. *See* Def.'s Mot. at 1-7. Defendant contends that because his alleged participation in the conspiracy occurred while he was incarcerated, and was therefore limited to telephone communications, the Government's failure to collect or preserve electronic data from some of the alleged coconspirators' devices deprived him of potentially exculpatory evidence. *See id.*

*II. Relevant Standards*

Federal Rule of Criminal Procedure 12(b)(1) permits a party to "raise by pretrial motion any defense, objection, or request" that the Court can determine "without a trial on the merits." Fed. R. Crim. P. 12(b)(1). A court may resolve a motion to dismiss an indictment before trial when the motion can be decided without resolving factual issues that go to the defendant's guilt or innocence. *See United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010). Whether the Government violated Defendant's due process rights by failing to preserve evidence is a question appropriate for pretrial resolution, as the motion does not implicate "facts surrounding the question of guilt or innocence." *Id.* Thus, Defendant's request for dismissal is properly brought pursuant to Rule 12(b)(1).

The Court considers Defendant's alternative request for suppression of the Government's evidence as a remedy for the alleged constitutional violations pursuant to Rule 12(b)(3)(C), which identifies a motion to suppress as a request that must be raised before trial, provided that "the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3).

*III. Discussion*

Defendant moves to dismiss the Superseding Indictment under both *California v. Trombetta*, 467 U.S. 479 (1984), and *Arizona v. Youngblood*, 488 U.S. 51 (1988).

Pursuant to *Trombetta*, the government violates a defendant's due process rights when: (1) it destroys evidence whose exculpatory value was "apparent before" its destruction; and (2) the defendant would be unable to "obtain comparable evidence by other reasonably available means." *Trombetta*, 467 U.S. at 489. The Supreme Court extended this framework in *Youngblood*, holding that when the exculpatory value of the evidence is indeterminate and all that can be confirmed is that the evidence was "potentially useful," a defendant must demonstrate that the government acted in bad faith. *Youngblood*, 488 U.S. at 58 ("[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.").

Both frameworks presuppose the existence of evidence that the Government collected and subsequently lost or destroyed. *See United States v. Bohl*, 25 F.3d 904, 910 (10th Cir. 1994) (explaining that whether the *Trombetta* or *Youngblood* framework governs turns on the "import of the destroyed materials"); *see also United States v. Morales-Aguirre*, No. 26-cr-01851, 2026 WL 2350006, at *2 (D.N.M. Aug. 13, 2026) ("Under both *Trombetta* and *Youngblood*, the threshold requirement is that the government destroyed evidence that actually existed."). Here, the basis of Defendant's claim is "data from electronic devices the government chose not to preserve, extract, or produce that is no longer available." Def.'s Mot. at 3. Although Defendant repeatedly characterizes the

Government's conduct as a failure to preserve evidence, he does not identify any coconspirator's cellphone data that the Government collected and subsequently lost, damaged, or destroyed. Rather, Defendant challenges the Government's decision not to collect data from certain coconspirators' devices while collecting and preserving data from others.

Neither *Trombetta* nor *Youngblood* imposes an affirmative constitutional obligation on the Government to collect evidence. Rather, those decisions address the Government's duty to preserve evidence already in its possession. Indeed, the Supreme Court has expressly rejected the notion that the Due Process Clause imposes "an undifferentiated and absolute duty to retain and preserve all material that might be of conceivable evidentiary significance in a particular prosecution" and has stated that "the police do not have a constitutional duty to perform any particular tests." *Youngblood*, 488 U.S. at 58, 59. Consistent with these principles, courts have repeatedly recognized that the government generally has no constitutional obligation to collect evidence. *See Champ v. Zavaras*, 431 F. App'x 641, 648 & n.5 (10th Cir. 2011); *United States v. Roper*, 744 F. Supp. 3d 1220, 1224 (D.N.M. 2024); *cf. United States v. Bullcoming*, 22 F.4th 883, 889-90 (10th Cir. 2022) ("[Federal Rule of Criminal Procedure] 16 does not require the Government to take action to discover information which it does not possess[;] nor is the Government required to secure information from third parties." (citations and internal quotation marks omitted)).

Even assuming *Trombetta* applied, Defendant has not established that the uncollected cellphones contained exculpatory evidence that was not cumulative of evidence already available to him. Defendant asserts that "[p]hones and electronic devices

from these co-conspirators have apparent, inherent exculpatory value, as each individual device and its contents—or lack thereof—define[] the scope of communications with [Defendant] and their fellow co-conspirators." Def.'s Mot. at 4. Despite having access to data from numerous other coconspirators' cellphones, Defendant fails to describe with any specificity what exculpatory information he believes might have been contained on any particular uncollected device.

Moreover, the Government states that it seized and provided Defendant's own cellphones, which reasonably would contain the communications through which Defendant allegedly participated in the charged conspiracy. *See* Gov't's Resp. at 4. Defendant presents no reason to believe that the uncollected devices would have contained exculpatory information unavailable from Defendant's own phones, the collected coconspirators' devices, or other reasonably available sources. Mere speculation that additional evidence might have existed is insufficient to establish a due process violation. *See Morales-Aguirre*, 2026 WL 2350006, at *2 ("The Court cannot find a due process violation when the existence of the underlying evidence is entirely speculative.").

Assuming *Youngblood* applied, Defendant identifies one specific example of what he alleges amounts to "bad faith" conduct by law enforcement—the decision not to seize and extract the contents of a cellphone belonging to S.M. after an interview with S.M. in May 2024. *See* Def.'s Mot. at 5-6. At the Court's November 5, 2026 hearing, however, the Government represented that the contents of S.M.'s device had since been collected and produced to Defendant. And a failure to collect evidence, without more, does not establish bad faith. *See United States v. Savage*, No. CR-21-314, 2021 WL 7186266, at *5

(E.D. Okla. Nov. 19, 2021) (R. & R.), *adopted*, 2022 WL 118408 (E.D. Okla. Jan. 12, 2022). Defendant identifies no evidence that investigators intentionally declined to collect the devices despite knowing they contained potentially useful evidence or to deprive Defendant of access to such evidence. Accordingly, Defendant has not satisfied *Youngblood*'s bad-faith requirement.

Defendant has not established that the Government violated his due process rights, acted in bad faith, or otherwise impaired his ability to receive a fair trial by declining to seize additional cellphones. Defendant therefore is not entitled to dismissal of the Superseding Indictment, suppression of evidence, or any other relief.

CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 699) is DENIED.

IT IS SO ORDERED this 24th day of November, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge